UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIKA A. HAYES; VAVSH PU,

                Plaintiffs,

-against-

ACAP (NFPO); JOHN DOES 1-10,

                Defendants.

24-CV-1883 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Arika Hayes brings this action *pro se*.[1] The original complaint and *in forma pauperis* (IFP) application were each submitted without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).[2] Moreover, the complaint and IFP application were both malformed or corrupted and are largely illegible on the docket.

    Plaintiff resubmitted the complaint by email on March 25, 2024, but the new complaint (ECF 5) is also illegible.[3] Plaintiff is therefore directed to resubmit a legible signed complaint

---

[1] If there are two plaintiffs, each must sign the complaint and submit an IFP application.

[2] Although a "typed name" does not satisfy the signature requirement in Rule 11(a), the Supreme Court has authorized courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Becker*, 532 U.S. at 764. Documents filed in accordance with the SDNY Electronic Case Filing (ECF) Rules & Instructions comply with the local rules. *See* Local Civil Rule 5.2. The SDNY ECF Rules & Instructions, at Rule 1.1 and Appendix C, authorize *pro se* parties to sign documents submitted to the court by email using an electronic signature or typed name with /s/ in the signature block (for example, "/s/ John Doe").

[3] Although Plaintiff typed her name in the signature block of the new (but still illegible) complaint, she did not technically comply with the signature requirement to write "/s/ Arika

and IFP application, preferably by regular mail due to Plaintiff's difficulties in submitting an adequate electronic document, within 30 days of the date of this order. If Plaintiff returns the complaint and IFP application by mail or in person, these must have a handwritten signature. All documents must bear the docket number for this action, 24-CV-1883 (LTS).

If Plaintiff emails the complaint and IFP application to ProSe@nysd.uscourts.gov, the documents must comply with the SDNY ECF Rules & Instructions and can be signed using an electronic signature or typed name with /s/ in the signature block ("/s/ John Doe"). A typed name that does not include "/s/" to show that it is intended to be a signature, or that is not in the signature block, is insufficient.[4]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, or if Plaintiff simply resubmits by email another complaint that is illegible on the docket, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

Hays," to show that this is intended to be a signature.

[4] For registered ECF filers, "[t]he user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court." Rule 8.1 of the SDNY ECF Rules & Instructions. Non-attorneys proceeding *pro se* must request permission to register for ECF filing.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 25, 2024
           New York, New York

                                                 /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge