UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIKA A. HAYES,

                Plaintiff,

      -against-

ASCAP,

                Defendant.

24-CV-1883 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, brings this action against the American Society of Composers, Authors, and Publishers (ASCAP). By order dated July 26, 2024, the Court directed Plaintiff to file a second amended complaint to address deficiencies in her amended complaint.[1]

Plaintiff filed a second amended complaint, which was entered on the docket on August 6, 2024, and she also filed letters requesting that the undersigned be recused. (ECF 22-25.) For the reasons set forth in this order, the Court denies the motions for recusal and dismisses the second amended complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] Plaintiff's original complaint was illegible, and the Court directed her to file a legible complaint.

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In her second amended complaint, Plaintiff invokes the Copyright Act and her civil and constitutional rights. (ECF 26 at 2.) She also invokes the Court's diversity jurisdiction, alleging that she is a citizen of California and Defendant ASCAP is incorporated under the laws of California and New York. (*Id.* at 3.)

Plaintiff describes her factual allegations as follows:

Number one plan of can prove ownership number two a valid copyright claim the plaintiff and the copy in the plane of [illegible].

Content and elements and creations works assignments or license original so basically the plain of all the copyrights the Creation works and she has original works assigned or license plain of also have evidence that the defendants stole and On YouTube and other social media platforms where they seen it at we have evidence that the works are similar between[n]

And instead of ass gap going along with the plaintiff in her copyright and her license and her similarities and all her proo[f.] Other artist that is not the writer and plaintiff holds the copyright plan of hole the evidence plain of all the similarities of [illegible]. Off their platform and suspended my platform and called labeled me a fraud which is also discrimination despair of treat[ment].

Tortures in affairs in my career and my generational wealth . . .

(ECF 26 at 5-6.)[2]

Plaintiff seeks "$40 every day they didn't pay me," plus 100 million dollars. (*Id.* at 6.)

## DISCUSSION

**A.     Recusal**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).The showing of personal bias

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

must ordinarily be based on "extrajudicial conduct . . . not conduct which arise s in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In her motion for recusal, Plaintiff states:

> I did not ask for the document to be amended at all and just on the 25th granted waiver so after the 25th granted my free waiver you come back on the 26th or the 27th 28th or the 29th or the 30th and tell me to amend my case with the same case number, this judge needs to be refused and I want another judge to be the judge of this.

(ECF 22 at 1.)

Plaintiff's original complaint was not legible and the Court directed Plaintiff to refile it, which she did. The Court thereafter directed Plaintiff to amend her complaint in order to satisfy her burden of demonstrating that the federal court has subject matter jurisdiction of this action. Plaintiff motion is based on judicial rulings in this case, which is not a valid basis for recusal. *Liteky*, 510 U.S. at 555. Accordingly, because Plaintiff has not established a basis for recusal, Plaintiff's letter-motions seeking recusal are denied.

**B.      Subject Matter Jurisdiction**

As set forth in the Court's July 26, 2024 order, the subject matter jurisdiction of the federal district courts is limited. Jurisdiction is available in federal court only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of

whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

1. **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

In her second amended complaint, Plaintiff invokes "civil right[s], Constitutional rights, Copy right intellectual property rights . . . ." (ECF 1 at 2.) A civil rights claim, seeking relief under 42 U.S.C. § 1983 for a violation of constitutional rights, must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). The Court takes judicial notice of the fact that ASCAP is an unincorporated membership organization that aims to collect license fees from its licensed music users and distribute them as royalties to its members. *Baker v. Am. Soc'y of Composers, Authors & Publishers*, No. 21-CV-11126 (JMF), 2023 WL 2786778, at *1 (S.D.N.Y. Apr. 5, 2023); *see also*

5

*Id.* (ECF 25 at 8.). As a private party not acting under color of state law, Defendant ASCAP is not liable under Section 1983 for violations of the U.S. Constitution. Moreover, there are no allegations suggesting that ASCAP is engaged in any activity that is fairly attributable to the state. *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (holding that the fundamental question is "whether the private entity's challenged actions are 'fairly attributable' to the state" (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))).[3] Furthermore, although Plaintiff has referenced generally the U.S. Constitution and other federal law, merely invoking federal law without alleging any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

As set forth in the July 2024 Order to Amend, Plaintiff's claim against ASCAP for royalties allegedly owed does not arise under the federal Copyright Act. ASCAP's obligation, if any, to pay Plaintiff arises from the contractual agreement between them or other state law. In summary, because Plaintiff has not brought any claim arising under federal law, the Court cannot exercise federal question jurisdiction of this matter.

2. **Diversity Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under Section 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

---

[3] A private entity's actions are attributable to the state in three situations: (1) the entity acts using the coercive power of, or is controlled by, the state; (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies; or (3) the state has delegated a public function to the entity. *See Fabrikant*, 691 F.3d at 207.

For purposes of diversity jurisdiction, an individual is a citizen of the State where he or she is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). An unincorporated entity possess the citizenship of each of its members, *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). *See United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994) ("[T]he citizenship of an unincorporated association . . . is determined by the citizenship of each of its members").

Although Plaintiff referred to ASCAP in her first amended complaint as a corporation, ASCAP is an unincorporated association with members in each of the 50 states, including California. *See Baker*, 2023 WL 2786778, at *1 ("ASCAP is an unincorporated membership organization with members in all fifty states"). ASCAP therefore is a citizen of, among other states, California. Because Plaintiff and Defendant are citizens of the same State, diversity of citizenship is not complete. The Court therefore cannot exercise diversity jurisdiction of this matter.[4]

Although Plaintiff has not met her burden of establishing subject matter jurisdiction in federal court, nothing in this order prevents Plaintiff from pursuing claims for an accounting of royalties against ASCAP in the state courts of the State of New York.

---

[4] Plaintiff has not established federal question jurisdiction, but if he had, the Court would decline supplemental jurisdiction of the state law claims. 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

The Court denies Plaintiff's motions for recusal. Plaintiff's second amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:  September 16, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge